**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINA
RICHMOND DIVISION**

| | | |
|---|---|---|
| **GEORGE BOYD,** *et al.*, | * | |
| **Individually and on behalf of** | * | |
| **all others similarly situated,** | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No: 3:12-cv-700-REP |
| | * | |
| **LAW OFFICES OF** | * | |
| **SHAPIRO, BROWN & ALT, LLP,** *et al.*, | * | |
| | * | |
| Defendants. | * | |

<u>**DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS
MOTION TO TRANSFER VENUE  AND CONSOLIDATE**</u>

Defendants Shapiro, Brown & Alt, LLP ("SBA") and Professional Foreclosure Corporation of Virginia ("PFC") (collectively, "Defendants"), by counsel, submit this Memorandum in support of their Motion to transfer this case to Judge Allen in the Norfolk Division of this Court and consolidate it with *Moore et al. v. Shapiro & Burson, LLP*, Civil Action No. 4:11-cv-122 ("*Moore*"), and the other previously filed cases, for pretrial and settlement purposes.[1]

---

[1] By agreement, eight previously filed cases involving common questions of law and fact have been assigned to and are proceeding before Judge Allen: *Moore v. Law Offices of Shapiro & Burson, LLP* ("*Moore*"); *Andrade v. Law Offices of Shapiro & Burson, LLP* ("*Andrade*"); *Waters-Levy v. Law Offices of Shapiro & Burson, LLP* ("*Waters-Levy*"); *Gudym v. Law Offices of Shapiro, Brown & Alt, LLP* ("*Gudym*"); *MacNaughton v. Law Offices of Shapiro, Brown & Alt, LLP et al.* ("*MacNaughton*"); *Campos-Carranza v. Law Offices of Shapiro, Brown & Alt, LLP* ("*Campos-Carranza*") (Consolidated Civil Action No. 4:11-cv-122); *Akbar v. Law Offices of Shapiro & Burson, LLP*, Civil Action No. 1:11-cv-1194 ("*Akbar*"); and *Redditt v. Law Offices of Shapiro, Brown & Alt, LLP, et al.* ("*Redditt*"), Civil Action No. 2:12cv-521.  *Redditt* was filed in Norfolk, originally assigned to Judge Smith, and then reassigned by the Clerk's Office to Judge Allen.

# I.    INTRODUCTION

This District has ten active lawsuits against these same Defendants pending before it, all brought on behalf of individuals represented by Plaintiffs' counsel in this case.  All of these suits assert that Defendants engaged in foreclosure proceedings throughout the Commonwealth of Virginia that are alleged to violate state and/or federal law.  By agreement of all counsel for the parties, the previously filed cases already have been transferred and assigned to Judge Allen, and they have been consolidated for pretrial and settlement purposes to proceed before her in *Moore*.  This case is the eleventh suit filed, and it includes claims nearly identical to the eight active cases already transferred and assigned to Judge Allen.  Pursuant to 28 U.S.C. § 1406 and Rule 42(a) of the Federal Rules of Civil Procedure, this case similarly should be transferred and assigned to Judge Allen and, like the other cases, consolidated with *Moore* for purposes of pretrial and settlement purposes, in the interests of justice, judicial economy, avoiding unnecessary inconvenience and cost, as well as to avoid prejudice and the likelihood of inconsistent rulings.

Before the Complaint in this case was filed, counsel for all parties agreed to consolidate and transfer multiple cases from various Divisions into the *Moore* case pending in Newport News, including complaints filed in the Alexandria Division.  Judge Dohnal is overseeing the global mediation efforts, which already include an in-person mediation that took place on October 4, 2012, one day after the filing of the Complaint.  Judge Dohnal's mediation efforts include discussing the facts and circumstances involved in the case at bar, along with the facts and circumstances of the other pending cases.  Further, Judge Dohnal has been and will continue to report to Judge Allen regarding the parties' efforts and progress towards a successful mediation of all cases, including this case.  By filing this case in the Richmond Division of this Court, Plaintiffs' counsel have – in essence – reneged on their agreement to consolidate all cases

with *Moore* and proceed before Judge Allen.

Further, in what can only be considered a prime example of forum shopping and gamesmanship, Plaintiffs seek to define a prejudicial class consisting only of persons "who were owners" of real property in the "Richmond Division".   The defined class is nonsensical as written and evinces Plaintiffs' contorted efforts to justify filing this case in the Richmond Division:  the proposed class definitions all are limited to persons "who *were* the record owners … of real property located in the Richmond Division …."  (Compl. ¶¶ 1810, 1827, 1844, 1858, 1872, 1899, 1902, 1904, 1905, 1908, 1910, 1912, 1914).[2]  Third, the Plaintiffs filed a Civil Cover sheet designating this as a "related case" to *Naim v. Samuel I. White P.C.*, Civil Action No. 3:11cv168 ("*Naim*").  This designation flies in the face of the parties' agreement (all of the other nine cases against Defendants are already pending in Norfolk/Newport News).  Moreover, it is disingenuous for Plaintiffs to contend that this case is "related to" *Naim*.   All of the parties are different and the claims and defenses are not the same.  Left blank is the required information on the Civil Cover Sheet as to the County of residence of the first listed Plaintiff.  The simple truth is that Plaintiffs wanted this case assigned to this Court, rather than to Judge Allen.

Because the facts demonstrate blatant forum shopping, and because counsel for the Plaintiffs have chosen a separate forum in which to litigate the same issues raised in this case, this Court should disregard the Plaintiffs' choice of forum and instead focus on witness and party convenience, access to sources of proof and, most importantly, on the interests of justice.  These factors all weigh in favor of transferring this case to the Norfolk Division and consolidating it

---

[2] It should be noted that least five of the named Plaintiffs cannot meet this definition on the face of the allegations in the Complaint because they appear to own, or have been, the owners of property located in the Alexandria Division of this Court and divisions of the United States District Court for the Western District of Virginia.

with the other cases pending before Judge Allen.  The subject of this suit is not real property, but rather notices and disclosures, which originated outside the Richmond Division.  As set forth more fully below, the majority of Defendants' witnesses are located in the Norfolk Division, as are the documents that form the basis of Plaintiffs' Complaint.  Defendants have no documents or witnesses in Richmond.  Moreover, the convenience to parties weighs in favor of transferring this case to the Norfolk Division and consolidating it with *Moore*.[3]  Finally, the interests of justice strongly favor a transfer to Norfolk, where related actions are pending and the interests of judicial economy are best advanced.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Parties

Defendant SBA is a law firm that practices primarily in the area of foreclosures. Defendant PFC is a corporation organized to act as substitute trustee and conduct foreclosure sales pursuant to the terms of deeds of trust and notes on which borrowers have defaulted.  As to those foreclosures, SBA is not the substitute trustee under the deeds of trust.  The trustee is generally Defendant PFC, an affiliate of SBA's that is appointed as substitute trustee by SBA's clients to conduct the foreclosure sales.  SBA and PFC have offices in Prince William County, Virginia and Virginia Beach, Virginia, from which they conduct their business.  Plaintiffs are alleged to be borrowers on loans secured by Virginia deeds of trust, to whom SBA and/or PFC sent correspondence and notices in connection with such foreclosures.

---

[3] The present whereabouts of the named Plaintiffs and their documents (if any) are unknown and not alleged in the Complaint.  Moreover, as noted above, at least five of the named Plaintiffs have no connection to the Richmond Division, and at least four have no connection to the Eastern District of Virginia at all.

**B.      The Ten Lawsuits Previously Filed by Plaintiffs' Counsel Against Defendants**

Prior to filing the Complaint in this case, counsel for Plaintiffs already had filed ten other lawsuits against the same Defendants.  None of them were filed in the Richmond Division.  All of them originally were filed in the Alexandria, Norfolk, or Newport News Divisions of this Court.  All cases filed in Alexandria have been transferred to Newport News and assigned to Judge Allen.  This case is the only case not proceeding in either Newport News or Norfolk.  By agreement of counsel, eight of the previously filed cases have been assigned to and are proceeding before Judge Allen.  In addition, Plaintiff's counsel filed *Payne v. Law Offices of Shapiro, Brown & Alt, LLP, et al.* ("*Payne*"), Civil Action No. 4:12-cv-87, in the Newport News Division and it is assigned to Judge Jackson.[4]  The chart attached hereto as **Exhibit A** summarizes the relevant information for each of the previously filed cases regarding assignment, transfer, consolidation, and status.

Each of the currently pending cases alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, ("FDCPA"), on behalf of numerous consumers who have defaulted on their loans and, as a result, been faced with foreclosure.  At the heart of each of these cases is the claim that the institutional practices of the Defendants do not comply with the FDCPA and Virginia state law.  All plaintiffs assert that correspondence sent by the Defendants identifying the servicer as the creditor violated the FDCPA, that the initial communication from Defendants failed to inform them that any dispute with respect to the loan must be in writing, and that Defendants deceived plaintiffs by informing them that the original promissory note was

---

[4] With the consent of the parties, *Payne* has been stayed by Judge Jackson. The tenth case, *Carlson v. Law Offices of Shapiro & Burson, LLP, et al.*, Case No. 2:12-cv-255, was filed in Norfolk as a putative class action but was voluntarily dismissed by Plaintiffs after Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

unavailable, when in fact it was available.  Based on these factual allegations, consistently made

in all ten cases, plaintiffs also make claims under Virginia common law (*e.g.*, breach of fiduciary

duty, fraud, and civil conspiracy) and the Racketeer Influenced and Corrupt Organizations Act

("RICO"), 18 U.S.C. §1961, et seq.

The chart below identifies the similarities among the legal claims made in the cases filed

by counsel for Plaintiffs, with an "X" inserted to indicate a cause of action has been alleged:

| | *Moore* | *Andrade, et al.* | *Waters-Levy* | *Akbar* | *Gudym* | *Payne* | *MacNaugton* | *Campos-Carranza* | *Redditt* | *Boyd* |
|---|---|---|---|---|---|---|---|---|---|---|
| FDCPA section 1692e | X | X | X | X | X | X | X | X | X | X |
| FDCPA section 1692 f | X | X | | | X | X | X | X | X | X |
| FDCPA section 1692g | X | X | X | X | | X | | X | | X |
| Breach of Fiduciary Duty | | X | | | | | | X | X | X |
| Fraud | | X | | | | | | | | X |
| Civil Conspiracy | | X | | | | | | | | X |
| Conversion | | X | | | | | | | | |
| Declaratory Judgment | | | | | | | | X | | |
| RICO | | | | | | | | | | X |

As the above chart indicates, all of the claims made in this case are present in the other lawsuits,

with the exception of the RICO claim.  Nonetheless, at the core of the Complaint in this case are

the same operative facts and allegations, the only difference being that counsel for Plaintiffs has

now specifically pled a claim under RICO based on those same facts.

### C.       The Complaint in this Case

This is the eleventh lawsuit filed by Plaintiffs' counsel against Defendants, each of which

involves a common nucleus of facts and legal theories.   There are 44 named plaintiffs who assert

individual claims and also serve as putative class representatives.  The Complaint is 382 pages

long, with 41 separate counts and 2391 separate allegations.   Counts I-VI are class claims for breach of fiduciary duty (exactly like the individual claims in *Andrade, et al.*, *Campos-Carranza* and *Redditt*) and for alleged violations of the FDCPA (present in all nine of the previously filed cases) and RICO.   Count VII alleges a civil conspiracy on behalf of all named Plaintiffs (as in *Andrade, et al.*), while Counts VIII-XXXXII are all individual claims for fraud (as in *Andrade, et al.*).

### III.   ARGUMENT

### A.   Venue Should be Transferred to the Norfolk Division

Although venue in the Richmond Division technically may be proper, pursuant to 28 U.S.C. § 1404(a) this case should be transferred to the Norfolk Division and consolidated with *Moore*.   Defendants do not seek dismissal of this action on venue grounds, because of the numerous other cases that have been transferred to and consolidated with Judge Allen.   Instead, because this case might have been brought in Norfolk, in the interests of justice, as well as for the convenience of the parties and witnesses, it should be transferred to Norfolk.   *See*, *e.g.*, *Sebrow v. Zucker, Goldberg & Ackerman, LLC*, 2012 U.S. Dist. LEXIS 36031, *8-15 (E.D.N.Y. Mar. 15, 2012) (granting motion to transfer venue of a putative FDCPA class action "in the interests of justice"); *c.f.*, *Atkins v. Schmutz Manuf. Co.*, 435 F.2d 527, 533 and n.33 (4th Cir. 1970) (observing that the federal system has liberal rules for the transfer of cases for consolidation).   Under § 1404(a), even if venue is proper in a particular federal district court, a "district court may transfer a civil action to any other district or division where it could have originally been brought *if in the interest of justice or for the convenience of parties and witnesses." George Mason Univ. Found., Inc. v. Morris*, No. 3:11-CV-848, 2012 U.S. Dist. LEXIS 51152, at *21 (E.D. Va. Apr. 11, 2012) (emphasis added).   The purpose of § 1404(a) is

"to prevent the waste of time, energy, and money" and "to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

The decision to transfer an action under this statute is committed to the sound discretion of the district court. *Heinz Kettler GMBH & Co. v. Razor USA, LLC*, 750 F. Supp. 2d 660, 667 (E.D. Va. 2010); *see also One Beacon Ins. Co. v. JNB Storage Trailer Rental Corp.*, 312 F.Supp.2d 824, 828 (E.D. Va. 2004). In exercising that discretion, district courts in the Eastern District of Virginia look to a number of factors, "including ease of access to sources of proof; the convenience of the parties and witnesses; cost of obtaining the attendance of witnesses; the availability of compulsory process; the interest in having local controversies decided at home…and the interest of justice." *George Mason Univ. Found.,* 2012 U.S. Dist. LEXIS 51152, at \*21-22 (citations and internal quotations omitted). In putative class actions, a representative plaintiff's choice of forum is "afforded little weight" as compared to an individual action. *See*, *e.g., Byerson v. Equifax Info. Servs.*, 467 F. Supp. 2d 627, 633 (E.D. Va. 2006); *accord In re Warrick*, 70 F.3d 736, 741 n.7 (2d Cir. 1995); *Glass v. S & M Nutec. LLC*, 456 F. Supp. 2d 498, 504 (S.D.N.Y. 2006). Moreover, where the facts suggest forum shopping, or where the plaintiff originally selected a separate forum in which to litigate, the Court may disregard the plaintiff's choice of forum. *Harms v. Experian Information Solutions, Inc.*, 2007 U.S. Dist. LEXIS 40154, \*4 (N.D. Cal. 2007) (where facts suggest forum shopping, court should exercise discretion in favor of transfer); *Lugus IP, LLC v. Volvo Car Corp.*, 2012 U.S. Dist. LEXIS 67999, \* (E.D. Va. 2012) (where facts indicate forum shopping, the other factors of the §1404(a) analysis are more important).

The threshold inquiry under § 1404(a) asks whether the case "might have been brought"

8

in the transferee district.  *See e.g., Byerson*, 467 F. Supp. 2d at 631 ("In exercising its discretion under § 1404(a), a district court must first determine whether the claims might originally have been brought in the transferee forum.").   This analysis requires the transferor court to "determine[] that, at the time the action was originally filed, (1) venue would have been proper in the proposed transferee district; (2) the transferee court would have had subject-matter jurisdiction; and (3) the transferee court could have exercised personal jurisdiction over the defendants." 17 Moore's Fed. Practice – Civil 111.13[1][a] (LexisNexis 2007).

### 1.   This case initially could have been filed in Norfolk.

When considering a motion to transfer venue, the court must determine whether the suit originally could have been brought in the forum to which transfer is sought.  *See Original Creatine Patent Co., Ltd. v. Met-Rx USA, Inc.*, 387 F. Supp. 2d 564, 566 (E.D. Va. 2005).  In order to establish that an action could have been brought in the transferee forum, the party seeking transfer must show that both venue and personal jurisdiction are proper in that district. *See*, *e.g.*, *L.G. Elecs. Inc. v. Advance Creative Computer Corp.*, 131 F. Supp. 2d 804, 812 (E.D. Va. 2001).  In the present case, the action "might have been brought" initially in the Norfolk Division of the Eastern District of Virginia because both venue and personal jurisdiction exist there for multiple reasons.

First, venue is proper in the Norfolk Division of the Eastern District of Virginia because, under 28 U.S.C. § 1391(b) because venue is proper in a district where any defendant resides.  For venue purposes, a corporation is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."   28 U.S.C. § 1391(c)(2).   Because Defendants have their residence, as well as principal office, in Virginia Beach, venue is proper in Norfolk.   Second, the Complaint raises

federal questions, because portions of Plaintiffs' claims arise under the FDCPA and RICO.  As a result, the district court for the Eastern District of Virginia has subject matter jurisdiction over those claims.  Third, the Norfolk Division of the Eastern District of Virginia can exercise personal jurisdiction over Defendants given their presence in Virginia Beach.  This case, like the other cases brought against Defendants by counsel for Plaintiffs, should be transferred to Judge Allen in Norfolk.  All of the relevant factors, in particular the current posture and venue of the other cases already assigned to and proceeding before Judge Allen, weigh in favor of transferring venue to the Norfolk Division.

### 2. The Plaintiffs' choice of forum is entitled to little, if any, weight

Ordinarily, the plaintiff's choice of forum is accorded substantial weight and courts will not grant a motion under §1404 unless the "convenience" and "justice" factors tip strongly in favor of transfer.  *Harms*, 2007 U.S. Dist. LEXIS 40154, *4; *Lugus, IP*, 2012 U.S. Dist. LEXIS 67999, at *13.  However, the Court may disregard the plaintiff's choice of forum where the plaintiff's suit is the result of forum shopping.  *Harms*, 2007 U.S. Dist. LEXIS 40154, at *4 (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991); *see Lugus, IP*, 2012 U.S. Dist. LEXIS 67999, at *14 (when facts suggest little other than forum shopping, other factors become more important).  Moreover, where the plaintiff selects a forum other than its home forum and the claims bear little relation to the chosen forum, the plaintiff's choice of forum is not given substantial weight.  *Lugus, IP*, 2012 U.S. Dist. LEXIS 67999, at *13.  All of these factors are present in this case and, accordingly, the Plaintiffs' choice of the Richmond Division should be given little, if any, weight.  In addition, the plaintiff's choice of forum should not be afforded great weight when the plaintiff originally selected another forum in which to litigate and simultaneously is engaged in litigation in that forum.  *Lugus, IP*, 2012 U.S. Dist.

LEXIS 67999, at *13.

First, the allegations in the Complaint do not make it clear that Richmond is the named Plaintiff's home forum.  Indeed, given that at least five of the named Plaintiffs have nothing to do with the Richmond Division,[5] four of them have no relationship to the Eastern District of Virginia at all, and the current residence of most of the named Plaintiffs is not even alleged, this Court cannot conclude that this case has been filed in the named Plaintiff's home forum. Further, in class actions, 'the named plaintiff's choice of forum is afforded little weight because in such a case, there will be numerous potential plaintiffs, each possibly able to make a showing that a particular forum is best suited for the adjudication of the class' claim.' *See Byerson*, 467 F. Supp. 2d at 633.   Indeed, in this case, the proposed class definitions all are limited to persons "who *were* the record owners … of real property located in the Richmond Division …."  (Compl. ¶¶ 1810, 1827, 1844, 1858, 1872, 1899, 1902, 1904, 1905, 1908, 1910, 1912, 1914) (emphasis added).    Thus, the putative class members are not the present owners of property in the Richmond Division and, indeed, may have no ties to Richmond whatsoever. Accordingly, Plaintiffs' choice of forum is entitled to little to no weight in assessing whether transfer to Judge Allen in Norfolk is proper.

Second, the parties are engaged in similar litigation currently pending before the Norfolk Division and Judge Allen.  Before this lawsuit was filed, counsel for all parties agreed to consolidate and transfer multiple cases from various Divisions into the *Moore* case pending in Newport News, including complaints filed in the Alexandria Division.   Judge Dohnal is

---

[5] Letters, notices and other documents related these five (5) named Plaintiffs originated from and were received outside of this Division: either within the Alexandria Division (Plaintiff Michael Ott, in Stafford County (Count XXXI)), or in the Western District of Virginia (Plaintiffs David Delawter and Calvin Johnson in Orange County, (Count VIII), as well as Craig Turner and Ruth Turner in Louisa County (Count XXIX)).

overseeing the mediation efforts involving all the cases filed by counsel for Plaintiffs against Defendants, which already has included in-person mediation on October 4, 2012. Judge Dohnal's mediation efforts include discussing the facts of this case along with the others. Further, Judge Dohnal has been and will continue to report to Judge Allen regarding the efforts and progress towards a successful mediation, including in this case. Here, the parties to the numerous suits pending against Defendants are substantially identical, as are the factual allegations. Similar discovery, witnesses, and documents are expected in both this suit and all of the other cases against Defendants that are pending before Judge Allen. In short, as part of their agreement with Defendants' counsel, Plaintiffs' counsel have selected Norfolk as the forum in which to litigate the issues raised in the Complaint and they are actively engaged in that litigation.

Finally, the facts surrounding the filing of this strongly suggest that Plaintiffs are forum shopping. The proposed class definitions in the Complaint are prejudicial, arbitrary, inefficient and impractical. A "Richmond Division" class is plainly designed to game venue and is contrary to established precedent favoring national or state-wide classes.[6] Similarly, Plaintiffs' improper

---

[6] Plaintiffs implicitly concede that their purported class is atypical and contrary to precedent by inviting the Court to redefine it, as long as they can keep it assigned to this Court. (*See* Compl., p. 290, n. 4.) However, a class cannot be redefined if it would be prejudicial, as is the case here. *See Castle v. Wells Fargo Fin., Inc.*, 2008 U.S. Dist. LEXIS 120587, *4-9 (N.D. Cal. May 15, 2008) (in deciding whether to permit plaintiffs to amend their complaint so as to expand the class, potential prejudice to defendants is the factor that "carries the greatest weight" and is a touchstone of Rule 15(a) inquiry); *see also Andrade v. Aerotek, Inc.*, 2010 U.S. Dist. LEXIS 117754, *10-12 (D. Md. Nov. 5, 2010) (plaintiffs not entitled to expand the class because they were in possession of all the relevant evidence at the time class originally defined). Indeed, the only reason for the insertion of footnote 4 on p. 290 of the Complaint is for counsel to acknowledge to this Court that the proffered class definition is untenable and unworkable. The implication, of course, is that if Plaintiffs can secure venue in this Court, they will then either move to expand the class (likely to state-wide) or ask the Court to do so *sua sponte*, which would prejudice Defendants. This sort of gamesmanship should be rejected.

attempt to relate this case to *Naim*, an unrelated lawsuit that is pending before this Court against completely different parties, evidences nothing other than forum shopping.  The Plaintiffs and Defendants in this case have nothing at all to do with those involved in *Naim*.  Nor are the claims and defenses the same in the two cases. The only apparent reason for representing to this Court that these two cases are related is so that Plaintiffs' counsel could obtain this Court's assignment to this case.  Thus, the facts in this case demonstrate the existence of blatant and improper forum shopping, and negate the weight usually given to the Plaintiff's choice of forum, instead militating in favor of transferring venue to Judge Allen.  *See Harms*, 2007 U.S. Dist. LEXIS 40154, at * 7 (rejecting plaintiffs' attempt to refile class action in different district in order to obtain a more favorable judge and noting that "such behavior should be discouraged.")

### 3.   This case should be transferred to Judge Allen in Norfolk for the convenience of the parties and witnesses.

In resolving a motion to transfer venue, the Court must weigh the convenience to the witnesses and parties in litigating in either venue, as well as access to sources of proof.  In this case, Norfolk is by far the more convenient forum for witnesses, as well as for access to sources of proof.  Defendants have an office in Virginia Beach, (*See* Declaration of E. Edward Farnsworth, Jr. ["Farnsworth Decl."], ¶¶ 7, 9, attached hereto as **Exhibit B**), which is located in the Norfolk Division, *see* Local Civ. R. 3(b)(3).  Defendants have no documents in Richmond. (Farnsworth Decl., ¶ 19.)   Defendants have no witnesses in Richmond.  (*Id.*, ¶ 21.)   All of Defendants' documents and witnesses are located in either Virginia Beach or Alexandria. (*Id.*, ¶¶ 17-22.)  Indeed, none of the specific witnesses employed by Defendants whose deposition or trial testimony would be necessary for the disposition of this case are located in Richmond – instead, all of them are located in either Virginia Beach or Prince William County.  (*Id.*, ¶ 22; Declaration of Lindsey C. Kelly ["Kelly Decl."] ¶ 1, attached hereto as **Exhibit C**; Declaration of Susan

13

Meyer ["Meyer Decl."], ¶ 1, attached hereto as **Exhibit D**; Declaration of Christine S. Patterson ["Patterson Decl."], ¶ 1, attached hereto as **Exhibit E**; Declaration of Jullie Evasco ["Evasco Decl."], ¶ 1, attached hereto as **Exhibit F**.)  The relevant documents and other sources of proof in the possession, custody and/or control of the Defendants are not located in Richmond; documents were drafted within either the Norfolk or Alexandria Divisions. ( Farnsworth Decl., ¶¶ 18-19.)  Defendants' employees responsible for crafting FDCPA compliance policies are not located in Richmond, where it has no office, and are instead located in Prince William and/or Virginia Beach; therefore these decisions are made in the Norfolk area. (*Id.*, ¶ 25.)  Therefore, obtaining the required documents and developing a factual record may be done more efficiently in the Norfolk Division. As a result, Norfolk is more closely related to the lion's share of the allegations in the lawsuit and the case should be transferred to Judge Allen in Norfolk.

In addition, the witnesses with information relevant to the allegations in the Complaint all have jobs, extensive work hours and family obligations that make it a hardship for them to travel to the Richmond Division for a trial.  (*See* Farnsworth Decl. ¶27; Meyer Decl. ¶10; Patterson Decl. ¶10.)  For instance, Lindsey Kelly has four children under the age of five years for whom she is primary caregiver.  Her husband works full time as well and she has no other family in the area to help her.  (Kelly Decl. ¶ 8.)  Similarly, Jullie Ann Evasco has elderly parents and in-laws who require constant oversight.  (Evasco Decl. ¶ 10.)  Similarly, the witnesses all have demanding jobs that make it difficult for them to leave the area for any extended period of time. (*See* Patterson Decl. ¶ 9; Meyer Decl. ¶ 9; Kelly Decl. ¶ 9).  As an example, Mr. Farnsworth is the Virginia managing attorney for SBA and is responsible for making sure all Virginia work in the firm is being completed correctly.  He is the point of contact for clients and is required to

14

participate in client conference calls.  These obligations make it very difficult for him to leave the office for extended periods of time.  (Farnsworth Decl. ¶ 26).  Likewise, the other witnesses are required to be present in the office to handle issues that may arise with scheduled foreclosure sales, as well as attending court hearings and handling other client matters.  (Patterson Decl. ¶ 9; Kelly Decl. ¶ 9; Evasco Decl. ¶ 9.)  Accordingly, it would be extremely inconvenient for these witnesses to attend trial and other pretrial proceedings in Richmond.

Moreover, Norfolk is not inconvenient for the named Plaintiffs.[7]  And, Norfolk is more convenient to the unnamed class members of the putative class.  Although those class members are not identified, and so their places of residence are unknown, the common factor that all the purported class members have in common is that they have defaulted on their mortgage loans and have been involved in non-judicial foreclosure actions involving the Defendants.  There is no allegation in the Complaint that the notices and documents sent from Virginia Beach with respect to loan defaults and non-judicial foreclosures are limited to the Richmond Division.  On the contrary, the Complaint specifically alleges the opposite, *i.e.*, the acts and/or omissions underlying the claims are uniform "across the Commonwealth of Virginia."  (Compl. ¶ 44.)

---

[7] The proposed class definitions all are limited to persons "who *were* the record owners … of real property located in the Richmond Division …."  (Compl. ¶¶ 1810, 1827, 1844, 1858, 1872, 1899, 1902, 1904, 1905, 1908, 1910, 1912, 1914) (emphasis added).  Under the proposed definition, at least seven of the named Plaintiffs (Raymond and Angela Hudson, Kerry Langford, David Damiani, Sharon Johnson, Deborya Wilson, and Michael Morgan) cannot be included in the class because no foreclosure has occurred.  In the absence of a foreclosure, the only inference that can be drawn is that these Plaintiffs *remain* record owners of the applicable property and therefore fall outside the class definition.  *See Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1169 (3d Cir. 1987) ("It is well settled that to be a class representative on a particular claim, the plaintiff must himself have a cause of action on that claim."); *see also J. H. Cohn & Co. v. American Appraisal Associates, Inc.*, 628 F.2d 994, 999 (7th Cir. 1980) ("The presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class.").  Moreover, as noted above, five of the named plaintiffs cannot be included in the class because they never owned property in the Richmond Division.

The present location of Plaintiffs' documents is also unknown, if the named Plaintiffs actually possess any relevant documentation.  However, the Complaint does allege many times that "Plaintiffs' counsel is in possession of a substantial number of correspondences and Substitute Trustee appointment documents that Defendants mail to consumers," as well as "a substantial number of Trustee Deeds and Reports that Defendants filed with the Commissioner of Accounts."  (Compl. ¶¶1812, 1829, 1846, 1860, 1874, 1919.)  Therefore, there cannot be any inconvenience for Plaintiffs in transferring this case to Judge Allen because these documents – alleged to be in the possession of Plaintiffs' counsel – presumably are scattered throughout the Eastern District of Virginia, given that Plaintiffs' counsel are located in three different Divisions of this Court.  Certainly, there is no allegation that the Plaintiffs are possessed of documents located solely in the Richmond Division.

Thus, under the applicable standard, and considering the facts and circumstances of this case and the other nine cases, transferring this case to Judge Allen in the Norfolk Division would be more convenient to all parties involved in these cases, especially as to the witnesses.  *See Cronos Containers Ltd. v. Amazon Lines, Ltd.*, 121 F. Supp. 2d 461, 466 (D. Md. 2000) (stating the convenience of the witnesses is "perhaps the most important factor" in determining whether a transfer of venue should be granted).  There is already litigation occurring in the Norfolk Division that involves substantially the same subject matter, evidence, and witnesses. It is a burden on witnesses to travel, procure time off from work, and attend depositions, trial, or any other event that would require their attendance, particularly Defendants' witnesses who could have to shoulder these burdens multiple times unless this case transferred to Judge Allen in Norfolk.  It is a much heavier burden to be required to do so more than once when duplicity easily could be avoided at no extra burden to the parties themselves.  In fact, the cost imposed on

16

both the witnesses and the parties is actually reduced if the case is transferred to Judge Allen and consolidated with *Moore* for pretrial and settlement purposes.

Additionally, it is much more convenient to defend one case, rather than two separate cases in two different Divisions of this Court. The Defendants maintain an office location in Virginia Beach, which is less than thirty minutes from the Norfolk courthouse and consolidating this case with *Moore* will ease some of the burden associated with defending separate cases in different locations. Furthermore, the parties already are litigating nearly identical cases that have been assigned to Judge Allen and consolidated with *Moore*, which Plaintiffs cannot allege to be an inconvenient venue (in particular because counsel for Plaintiffs have requested venue transfers and to proceed before Judge Allen, and so many of the documents they believe to be relevant are in the possession of counsel).  Indeed, counsel for Plaintiffs have litigated the other cases for many months before Judge Allen in Norfolk without ever alleging that it was an inconvenient forum. As a result, transferring this case to Judge Allen in Norfolk and consolidating it with the *Moore* case for pretrial and settlement purposes is more convenient to all involved, and doing so would not prejudice any of the parties.

### 4. This case should be transferred to Norfolk in the interests of justice.

A significant factor in considering the interests of justice is "avoiding duplicative litigation in courts." *Cronos Containers,* 121 F. Supp. 2d at 466.  Notably, the interests of justice may be decisive in ruling on a transfer motion, even though the convenience of the parties and witnesses point in a different direction. *Lugus, IP*, 2012 U.S. Dist. LEXIS 67999, at *18; *In re Vistaprint, Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010) (noting that the §1404(a) factors of public interest and judicial economy can be of paramount consideration).  "These principles rest on considerations of '(w)ise judicial administration, giving regard to conservation of judicial

resources and comprehensive disposition of litigation.'" *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976) (holding that where there are substantially similar actions pending simultaneously in different federal courts, the general principle is to avoid duplicative litigation as between the courts) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)).  Thus, in ruling on a motion to transfer venue, the Court may consider such factors as conservation of judicial resources and the potential to avoid duplicative litigation or inconsistent judgments.  *See Kerotest Mfg. Co.*, 342 U.S. at 183; *Cronos Containers, Ltd.*, 121 F. Supp. 2d at 466.

The interest of justice further requires a consideration of public interest factors aimed at systemic integrity and fairness.  *Lycos, Inc. v. TiVo, Inc.*, 499 F. Supp. 2d 685, 695 (E.D. Va. 2007) (internal quotation omitted). Systemic integrity requires judicial economy and the avoidance of inconsistent judgments.  *Id.*  In evaluating the fairness of transferring venues, courts should consider "docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law."  *Id.*  In addition, the Court should exercise its power to transfer a case in order to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.  *Original Creatine*, 387 F. Supp. 2d at 566.

Because this case involves virtually the same facts and issues presented in the cases already assigned to and proceeding before Judge Allen, it would be duplicative to litigate these cases in two different federal jurisdictions.  Systemic integrity requires that the instant case be transferred to Judge Allen in the Norfolk Division, where virtually identical cases have been pending for a substantial period of time.  In fact, in the ten lawsuits, many of the counts and

18

allegations are exactly the same.   By transferring this case to Judge Allen in the Norfolk Division, the same governing laws will apply to both this case and the substantially related cases pending before her.

Additionally, the Norfolk Division has already invested significant time in *Moore* and is familiar with the facts and claims at the heart of both cases.  Continuing to litigate the two cases in different divisions before different judges will run the risk of inconsistent adjudication. Transferring the instant case to the Norfolk Division would be a substantial relief to both parties and the court system as a whole because it would greatly reduce docket congestion and the burden on the judiciary in this district.  A transfer would save the court time, energy and money, as well as reduce both parties' expenses in litigation. The interests of justice, including systemic integrity and fairness, strongly support a transfer of the instant case to the Norfolk Division. Requiring discovery to take place and witnesses to appear both in Norfolk and Richmond would be an unnecessary inconvenience to many individuals and a waste of judicial resources.  Thus, the interests of justice are only served by transferring this case to Judge Allen in Norfolk in order to "avoid[] duplicative litigation in the courts," to conserve judicial reasons, and to promote the "comprehensive disposition of litigation." *Cronos Containers, Ltd.*, 121 F. Supp. 2d at 466. Because the Plaintiff's choice of forum is not entitled to much, if any, weight and because the other factors – particularly the interests of justice – weigh strongly in favor of transfer, this Court should grant Defendants' motion to transfer this case to the Norfolk Division where, pursuant to the argument set forth below, it should be consolidated with *Moore* for purposes of pretrial and settlement.

> **B.**      **This Case Should Be Consolidated With *Moore* for Pretrial and Settlement Purposes Only.**

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, this Court should

consolidate and join this case with *Moore* for pretrial and settlement purposes because all of these cases involve common questions of law and/or fact(s), and to avoid unnecessary inconvenience, cost and/or delay.  Consolidation of this case with *Moore* for these purposes will serve to streamline pretrial proceedings, avoid duplicative discovery, avoid the possibility of conflicting rulings, and conserve both the Court's and the parties' resources.   Moreover, the efficiency gained by joining this case and *Moore* for these purposes will not result in any inconvenience, delay or expense to the parties.

Federal Rule of Civil Procedure 42(a)(2) provides that the Court may order consolidation of cases where they involve a common question of law or fact.  In addition to consolidation, it is within the court's discretion to join for a hearing or trial any or all the matters at issue or to issue any other order to avoid unnecessary cost or delay.  Fed. R. Civ. P. 42(a)(1)&(3).  The Court has "broad discretion" with regard to cases pending in the same District and makes this determination regarding consolidation while weighing the efficiencies created by consolidation against any inconvenience, delay, or expense that might result.  *A/S J. Ludwig Mowinckles Rederi v. Tidewater Construction Co.*, 559 F.2d 928, 933 (4th Cir. 1977); *see generally,* Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 2383 at 439.  Specifically, when considering a motion to consolidate, the Court weighs:

> (1) the risk of inconsistent adjudications of common factual and legal issues;
>
> (2) the burden on the parties, witnesses and judicial resources posed by multiple lawsuits;
>
> (3) the length of time required to conclude multiple suits as against a single one; and
>
> (4) the relative expense to all concerned of the single trial versus multiple-trial alternatives against the specific risks of prejudice and possible confusion which might result from consolidation.

20

*See Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982).  In this case, all of the equities weigh in favor of consolidation. This case contains a virtually identical fact pattern as the other lawsuits already transferred to and consolidated with *Moore* before Judge Allen.  And it rests on the same fundamental legal issues/theories, in particular, allegations of improper foreclosure activities under both the FDCPA and Virginia law.   All complaints claim that Defendant made similar, if not the same, alleged misrepresentations in attempting to foreclose on the homes of Virginia borrowers in violation of the FDCPA.  Furthermore, all of the complaints allege that, in an attempt to collect the defaulted mortgage debts, Defendant intentionally and systematically violated the FDCPA.  In fact, all sets of plaintiffs represented by counsel herein make many of the same claims against Defendants, such as violations of §1692e, §1692e(2)(A), §1692e(5), §1692e(10), 1692f, and §1692g(a)(2).[8]

Furthermore, consolidating this action with *Moore* will lessen the burden on all parties, the witnesses and judicial resources.  Because this action and the nine other pending cases involve substantially the same subject matter and issues of law, many of the same witnesses would need to be produced in each of the ten separate cases.  It is a burden on witnesses to travel,

---

[8] Unless the case is transferred, the proffered class is prejudicial to Defendants because it risks inconsistent results – the same operative facts and legal questions are involved in the cases assigned to and proceeding before Judge Allen in Norfolk, which could result in two Divisions of this Court resolving the same issues differently. *See Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 319 (4th Cir. 2006) ("Commonality requires that there are questions of law or fact common to the class.") (internal citations and quotation marks omitted).  The purpose of commonality is "the capacity of a class[-]wide proceeding to generate common answers apt to drive the resolution of the litigation."  *Id.*  This purpose would be thwarted if Plaintiffs are permitted to pursue a Richmond Division class on a track that is separated from the pending individual cases and the class case before Judge Allen in Norfolk, which share the same common contentions the determination of which will resolve issues central to the validity of the claims in all ten of the pending cases against Defendants. *Id.*

procure time off work, and attend depositions, trial, or any other event that would require their attendance. However, it is a much heavier burden to be required to do so more than once when duplicity could easily be avoided at no extra burden to the parties themselves. In fact, the cost imposed upon both the witnesses and the parties is actually reduced if the cases are consolidated with the *Moore* case, and doing so would not prejudice the Plaintiffs named in this case, just as the named plaintiffs in the other lawsuits were not prejudiced by the Court's prior decision to consolidate at the request of counsel for Plaintiffs. Defendant maintains an office location in Virginia Beach, which is less than thirty minutes from the Norfolk courthouse, and consolidating this case with the *Moore* case will ease the burden associated with defending nine cases in one division and a separate case in a different location within the same district that is 100 miles away in Richmond.

Additionally, it is much more convenient for Defendants to defend one case during the pretrial process rather than ten separate cases. Defendants are already litigating the same issues and claims in this case against Plaintiffs' counsel before Judge Allen in the Norfolk Division, which is not an inconvenient venue for Plaintiffs (in particular because the complaint fails to allege the current residence or address of any of the named Plaintiffs). Indeed, counsel for Plaintiffs has litigated the same common factual allegations and legal claims against Defendants for more than a year, agreeing to transfer and consolidate cases from Alexandria and never alleging that Norfolk was an inconvenient forum.

Consolidating *Boyd* with the *Moore* case also aids in preserving judicial resources and is therefore in the interests of justice because it will avoid duplicative litigation in the courts. Because this case involves virtually the same facts and legal issues presented in the other cases assigned to Judge Allen and consolidated to proceed before her, it is duplicative and presents the

22

possibility of inconsistent adjudication to litigate the *Boyd* case in Richmond, while simultaneously attempting to mediate, and if necessary litigating, the many other cases before Judge Allen in Norfolk.  If these cases proceed on separate tracks, given the substantial factual and legal overlap, the significant time and costs on both sides involved in pre-trial disclosures, trial preparation, and motions practice that may occur in this case would be replicated unnecessarily in the other nine pending cases, at the expense of this Court's docket and judicial resources. As a result, consolidating this case with the previously pending cases before Judge Allen in Norfolk is more convenient to all involved, and doing so would not prejudice any party.

## IV.   CONCLUSION

For all the reasons set forth above, Defendants request that the action be transferred to Judge Allen in Norfolk, which is a proper venue, consolidated with *Moore* for pretrial and settlement purposes, and grant such other relief as this Court deems proper and just.  Further, because this action is premised upon claims under the FDCPA, which provides for attorney's fees to the successful Plaintiff, Defendants request that any order transferring the action exclude any fees in connection with the transfer.

Dated: December 24, 2012                         Respectfully Submitted,

**Shapiro & Burson, LLP, Shapiro, Brown
& Alt, LLP, and Professional Foreclosure
Corporation of Virginia**

By: _____/s/ John C. Lynch_____
          Of Counsel

John C. Lynch (VSB No. 39267)
Megan E. Burns (VSB 35883)
Ethan G. Ostroff (VSB No. 71610)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765

Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com

Bizhan Beiramee, Esq., (VSB #50918)
Matthew D. Cohen, Esq. (VSB #72097)
Beiramee & Cohen, P.C.
6663 B Old Dominion Drive, Third Floor
McLean, Virginia 22101
Phone: (703) 483-9600
Fax:    (703) 483-9599
Email: bbeiramee@beiramee.com

*Counsel for Defendants Shapiro, Brown & Alt, LLP and Professional Foreclosure Corporation of Virginia*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 24th day of December, 2012, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing (NEF) to the following:

Dale Wood Pittman, Esq.
The Law Office of Dale W. Pittman, P.C.
112-A W Tabb St
Petersburg, VA 23803-3212
(804) 861-6000
Fax: (804) 861-3368
Email: <u>dale@pittmanlawoffice.com</u>

Kristi Cahoon Kelly, Esq.
Surovell Isaacs Petersen & Levy PLC
4010 University Drive, Suite 200
Fairfax, VA 22030
703-277-9774
Fax: 703-591-9285
Email: <u>kkelly@siplfirm.com</u>

Leonard Anthony Bennett, Esq.
Susan Mary Rotkis, Esq.
Consumer Litigation Associates
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
757-930-3660
Fax: 757-930-3662
Email: <u>lenbennett@cox.net</u>
Email: <u>srotkis@clalegal.com</u>

Matthew James Erausquin, Esq.
Consumer Litigation Associates PC (Alex)
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
703-273-6080
Fax: 888-892-3512
Email: <u>matt@clalegal.com</u>

By: ____/s/ John C. Lynch_____
            Of Counsel

25

John C. Lynch (VSB No. 39267)
Megan E. Burns (VSB 35883)
Ethan G. Ostroff (VSB No. 71610)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com

Bizhan Beiramee, Esq., (VSB #50918)
Matthew D. Cohen, Esq. (VSB #72097)
Beiramee & Cohen, P.C.
6663 B Old Dominion Drive, Third Floor
McLean, Virginia 22101
Phone: (703) 483-9600
Fax:    (703) 483-9599
Email: bbeiramee@beiramee.com

*Counsel for Defendants Shapiro, Brown &
Alt, LLP and Professional Foreclosure
Corporation of Virginia*

20221998v1

26