EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINA
## RICHMOND DIVISION

| | | |
|---|---|---|
| **GEORGE BOYD**, *et al.*, | * | |
| **Individually and on behalf of** | * | |
| **all others similarly situated** | * | |
| | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No: 3:12-cv-700-REP |
| | * | |
| **LAW OFFICES OF SHAPIRO,** | * | |
| **BROWN & ALT, LLP, et al.,** | * | |
| | * | |
| Defendants. | * | |

### <u>DECLARATION OF E. EDWARD FARNSWORTH, JR.</u>

I, E. Edward Farnsworth, Jr., declare under penalty of perjury, on this 20th day of December, 2012, that I have personal knowledge of the following matters and that they are true and correct to the best of my knowledge:

1.      My name is E. Edward Farnsworth, Jr.  I am a resident of the City of Virginia Beach, Virginia, am above the age of eighteen and am competent to testify to all matters contained herein.

2.      I am the Virginia Managing Attorney for Shapiro, Brown & Alt, LLP ("SBA"), which is a law firm that practices primarily in the area of foreclosure.

3.      I am also currently the President of Professional Foreclosure Corporation of Virginia ("PFC"), and have been an officer of PFC during all times relevant to the allegations in the Complaint, which is a corporation organized to act as substitute trustee and conduct foreclosure sales pursuant to the terms of deeds of trust where borrowers have defaulted.

**EXHIBIT B**

4.      From 2005 through 2012, during the time frames alleged in the Complaint, I was employed by SBA in the Virginia Beach office. In also served as an officer of PFC during that time-period.

5.      I am familiar with the facts of the instant litigation between Plaintiffs, SBA and PFC and have reviewed the Complaint.

6.      As I understand it, the Complaint filed in this case alleges that the institutional practices of SBA and PFC are non-compliant with the FDCPA and Virginia state law.  These claims include allegations that that correspondence sent by SBA and PFC to borrowers violated the FDCPA and Virginia law. I have first-hand knowledge concerning these claims as well as the defenses of SBA and PFC.

7.      The principal place of business for SBA's Virginia foreclosure operation is located at 236 Clearfield Ave., Suite 215, in Virginia Beach, Virginia.

8.      SBA also maintains an office in Prince William County, Virginia, which is located at 10021 Balls Ford Road, Suite 200, Manassas, Virginia 20109. SBA formerly maintained an office in Fairfax County, Virginia, which was 13135 Lee Jackson Highway, Suite 201, Fairfax, Virginia 22033.

9.      PFC's principal place of business located at 236 Clearfield Ave., Suite 215, in Virginia Beach, Virginia.

10.      PFC also maintains an office in Prince William County, Virginia, which is located at 10021 Balls Ford Road, Suite 200, Manassas, Virginia 20109.

11.      SBA does not have offices, a mailing address, property, or facilities that are located within the Richmond Division of the Eastern District of Virginia.

12.     PFC does not have offices, a mailing address, property, or facilities that are located within the Richmond Division of the Eastern District of Virginia.

13.     SBA does not have employees, officers, or directors living or working in the Richmond Division of the Eastern District of Virginia.

14.     PFC has only two officers living or working in the Richmond Division of the Eastern District of Virginia.   However, to the best of my knowledge, neither of them have information relevant to the claims and defenses in this case as their responsibilities are limited to crying foreclosure sales

15.     I am PFC's registered agent and am located in Virginia Beach, Virginia.

16.     To the best of my knowledge, all correspondence to borrowers was sent from either Virginia Beach, Virginia, Fairfax County, Virginia, or Prince William County, Virginia.

17.     To the best of my knowledge, the relevant documents and other sources of proof in the possession, custody and/or control of PFC and SBA are not located within Richmond.

18.     To the best of my knowledge, SBA's and PFC's documents relevant to the allegations and claims in the Complaint are located either within the Norfolk Division of this Court or the Alexandria Division of this Court.

19.     To the best of my knowledge, neither SBA nor PFC has documents relevant to the allegations and claims in the Complaint located within the Richmond Division of the Eastern District of Virginia.

20.     To the best of my knowledge, SBA's and PFC's witnesses with knowledge or information relevant to the allegations and claims in the Complaint reside within either the Norfolk Division of this Court or the Alexandria Division of this Court.

21.     To the best of my knowledge, neither SBA nor PFC has employees or officers with knowledge or information relevant to the allegations and claims in the Complaint located within the Richmond Division of the Eastern District of Virginia.

22.     To the best of my knowledge, none of the specific witnesses of SBA and PFC whose deposition or trial testimony would be necessary for the disposition of this case are located within the Richmond Division – instead, all of them are located within either the Norfolk Division of this Court or the Alexandria Division of this Court.

23.     My hours of work include office hours from 9:00 a.m. until 5:30 p.m. Monday through Friday, but as an attorney, I must work as needed beyond business hours to complete the work. I regularly work evenings and weekends.

24.     My job responsibilities as they relate to allegations in the Complaint include reviewing presale documents, which includes the referral documents, original note, assignments, Substitution of Trustee documents, FDCPA letter, sale notices, publications, and scheduling sales. I also review and sign trustee's deed in my capacity as an officer of PFC, as well as review and sign commissioner of accounts reports. I additionally call foreclosure sales and regularly supervise the calling of sales telephonically.   Part of my job responsibilities also includes crafting FDCPA policy and foreclosure procedures. I have first-hand knowledge of the claims in the Complaint and the defenses of SBA and PFC with respect to the areas of my job responsibilities.

25.     None of SBA's employees responsible for crafting FDCPA compliance policies are located within the Richmond Division of the Eastern District of Virginia.

26.     As the Virginia Managing Attorney for SBA, it is difficult for me to be away for extended periods. It is even difficult to take vacation time. I am responsible for making sure all

**EXHIBIT B**

of the Virginia work in the firm is being completed correctly and am the point of contact for clients. I am also often required to participate in important client conference calls concerning various issues. In addition to my management duties, I also do standard firm case work that is essential to completing the firm's day to day caseload, as our Virginia Beach office has only 4 other attorneys.

27.    I also have children to care for which prevents me from being able to leave for extended period. I have two daughters, ages 10 and 13, for whom I am responsible for getting ready, feeding and dropping off to school. One is in middle school and the other in elementary school, so I must get my daughters to two schools at two different locations each morning. My wife is a schoolteacher and she must be at work before school starts, which does not allow her to drop them off at school.

28.    Mrs. Christine Patterson has information relevant to the claims and defenses in this lawsuit, including crafting FDCPA policy and foreclosure procedures, processing files post-sale through completion that were sold to an outside third party, and for setting sale and publication dates. I have personally read and familiar with the Declaration she has provided for this case.

29.    Mrs. Susan Meyer has information relevant to the claims and defenses in this lawsuit, including foreclosure documents executed by clients necessary for the foreclosure process, along with title work, sale notices, advertisements, FDCPA letters and attorney correspondence related to particular files. I have personally read and familiar with the Declaration she has provided for this case.

30.    Mrs. Lindsey Kelly has information relevant to claims and defenses in this lawsuit, including demand letters, pre-sale bid checks, owners on title, debt dispute, litigation

**EXHIBIT B**

threat correspondence, and litigation against our clients, SBA and PFC. I have personally read and familiar with the Declaration she has provided for this case.

31.     Mrs. Jullie Ann Evasco has information relevant to the claims and defenses in this lawsuit, including oversight, review, preparation and execution of post-foreclosure sale documentation, including but not limited trustee deeds, foreclosure sale bids, the foreclosure process, commissioner reports, REO documentation, settlement statements and title work. Additionally, she communicates with clients and debtors regarding foreclosure issues, as well as, receives and review correspondence from debtors and clients. She also advises clients as to the content of debtors' questions and concerns. At any given time, she may be asked to review or advise on pre-sale aspects of the foreclosure process in the absence of other attorneys in the firm whose normal responsibilities would be to oversee pre-foreclosure documentation.  I have personally read and familiar with the Declaration she has provided for this case.

32.     The continued litigation of this case in the Richmond Division would create hardships and inconveniences for me, Mrs. Patterson, Mrs. Meyer, Mrs. Kelly, and Mrs. Evasco, none of whom are parties to this case. It will be extremely inconvenient and create undue hardship for me, Mrs. Patterson, Mrs. Meyer, Mrs. Kelly, and Mrs. Evasco to leave our families, homes, and jobs to travel to Richmond to pretrial hearings and trial proceedings in this case.

**EXHIBIT B**

E. Edward Farnsworth, Jr.

STATE OF VIRGINIA
CITY/COUNTY OF VIRGINIA BEACH, to wit:

The above Declaration was subscribed and sworn to (or affirmed) before me on this 20th day of December, 2012, by E. Edward Farnsworth, Jr., who proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Notary Public

My Commission Expires: 11/30/15

AMANDA FERNANDEZ
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
REGISTRATION # 7140720
MY COMMISSION EXPIRES NOVEMBER 30, 2015
ORIGINALLY COMMISSIONED A
NOTARY PUBLIC AS AMANDA LOESER

20220477v1