IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINA
RICHMOND DIVISION

| | |
|---|---|
| GEORGE BOYD, *et al.*, <br> Individually and on behalf of <br> all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> LAW OFFICES OF <br> SHAPIRO, BROWN & ALT, LLP, *et al.*, <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * Civil Action No: 3:12-cv-700-REP <br> * <br> * <br> * <br> * <br> * |

## DECLARATION OF JULLIE ANN EVASCO

I, Jullie Ann Evasco, declare under penalty of perjury, on this 20th day of December, 2012, that I have personal knowledge of the following matters and that they are true and correct to the best of my knowledge:

1. My name is Jullie Ann Evasco. I am a resident of Chesapeake, Virginia. I am above the age of eighteen and am competent to testify to all matters contained herein.

2. I am currently employed by Shapiro, Brown & Alt, LLP ("SBA"), which is a law firm that practices primarily in the area of foreclosure.

3. I am familiar with the facts of the instant litigation between Plaintiffs, SBA and Professional Foreclosure Corporation ("PFC") and have reviewed the Complaint.

4. As I understand it, the Complaint filed in this case makes allegations that the institutional practices of SBA and PFC are non-compliant with the FDCPA and Virginia state law. These claims include allegations that that correspondence sent by SBA and PFC to borrowers violated the FDCPA and Virginia law. I have first-hand knowledge concerning these claims as well as the defenses of SBA and PFC.

5. To the best of my knowledge, all correspondence to borrowers was sent from either Virginia Beach, Virginia, Fairfax County, Virginia or Prince William County, Virginia.

6. From July 2008 through 2012, during the time frames alleged in the Complaint, I was employed by SBA in the Virginia Beach office and at all relevant times was an officer of PFC.

7. My job responsibilities as they relate to the allegations of the Complaint include oversight, review, preparation and execution of post-foreclosure sale documentation, including but not limited trustee deeds, foreclosure sale bids, the foreclosure process, commissioner reports, REO documentation, settlement statements and title work. Additionally, I communicate with clients and debtors regarding foreclosure issues, as well as receive and review correspondence from debtors and clients. I also advise clients as to the content of debtors' questions and concerns. At any given time, I may be asked to review or advise on pre-sale aspects of the foreclosure process in the absence of other attorneys in the firm whose normal responsibilities would be to oversee pre-foreclosure documentation.

8. The continued litigation of this case in the Richmond Division would create great hardships and inconveniences for me.

9. My work hours generally are 9:00 a.m. to 5:30 p.m. each weekday, but also include work outside normal business hours as needed. Part of my job responsibilities include being available to listen to foreclosure sales over the telephone when a sale is being called out of the local area. These sales are time sensitive and require my presences in the office at the exact time the sale is being called in order to record the conversation and make sale notes. It is necessary for me to be in the office in the event a question is brought up at the sale that

needs immediate attention from the client to determine whether to proceed. The sales department verifies many documents prior to the sale that need attorney confirmation. This is especially time sensitive when it pertains to the bankruptcy verification. If a question arises prior to the sale, it is necessary for me to be in the office to communicate with the client, debtor or debtor's counsel on a moment's notice prior to a sale to determine whether a sale should move forward or be stopped for a valid reason. These job responsibilities make it difficult for me to leave the office in the middle of a work day

10. In addition, I have five elderly parents or in-laws who require constant oversight. My father in law, recently widowed, is home along and I assist my siblings in checking on him during the day to ensure his well being. My mother is in a nursing rehabilitation center and has been since August 2012. I check on her several times daily and visit her during the week to make sure she is well, do her laundry, and make sure she is eating properly. My step father is home alone, since my mother has been hospitalized. He is diabetic and has additional health issues that need monitoring. My father and step mother are also local and have health issues that require my attention.

11. It will be extremely inconvenient and create undue hardship for me to leave my home and current job to travel to Richmond to attend pretrial and trial proceedings in this case.

*[signature]*

Jullie Ann Evasco

**EXHIBIT F**

COMMONWEALTH OF VIRGINIA,
CITY OF VIRGINIA BEACH, to wit:

The above Declaration was subscribed and sworn to (or affirmed) before me on this 20th day of December, 2012, by Jullie Ann Evasco, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
Notary Public

My Commission Expires: 6-30-15

THOMAS J. TERRELL, JR.
NOTARY PUBLIC
REG. # 7392180
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES JUNE 30, 2015

20234512v1

THOMAS J. TERRELL, JR.
NOTARY PUBLIC
REG. # 7392180
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES JUNE 30, 2015